**In re LINCOLN et al.**

**Patent Appeal No. 5035.**

Court of Customs and Patent Appeals.

June 25, 1945.

Oberlin, Limbach & Day, of Cleveland, Ohio (Oscar C. Limbach, of Cleveland, Ohio, of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The alleged invention involved in this appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the action of the Primary Examiner in finally rejecting all of appellants' claims (3 to 5, inclusive) in their application for patent, relates to a lubricant which comprises a mineral oil and a small amount of an ingredient formed by oxidizing a mixture of hydrocarbons and halogenating the resultant product.

The claims were rejected upon the patent to Bray, No. 2,257,328, issued September 30, 1941.

Claim 3, the broadest of the group, is illustrative of the subject-matter on appeal and reads as follows:

"3. A lubricating composition comprising a major proportion of mineral oil and from about 1/10% to about 20% by weight

based on the amount of mineral oil of the halogenated oxidation products of a mixture of hydrocarbons, the acid number of which has been substantially decreased by neutralization of the acids in such products."

Appellants' application stresses the fact that their alleged invention relates particularly to lubricating compositions for use under conditions of extreme pressure and high temperature. Concerning the alleged invention, the specification states:

"Broadly stated, our invention contemplates the addition to mineral lubricating oils of relatively small quantities of a halogen containing neutral derivative of an acid produced by the oxidation of hydrocarbons, particularly aliphatic hydrocarbons, and those of petroleum origin.

"Since the addition agent of our invention is unusually effective in increasing the extreme pressure characteristics of the lubricating composition to which it is added it has been found necessary to employ only small percentages, less than 20% by weight based on the amount of mineral oil, of such addition agent, and amounts as low as 0.1%, and sometimes even less, may often be employed with effect. As a general rule, we have found that percentages of from about 0.1% to about 5% of the addition agent are satisfactory for most oils for most uses and very seldom is there any occasion to employ more than 10%."

The Board, in its original decision, had the following to say:

"The appealed claims stand rejected on the patent to Bray which also relates to the addition of certain substances to lubricating oil, mainly for the purpose of preventing the accumulation of gums, resins, soot etc. on engine parts such as rings, valves, pistons etc. In this patent the addition agent is also obtained by the oxidation and chlorination of hydrocarbon mixtures but since it is desired to have a material which will act as a detergent the patent is concerned mainly with the production and use of soaps obtained by the saponification of the organic acids resulting from the oxidation of the mixture. The patent, however, states that the addition of these soaps imparts oiliness and extreme pressure characteristics to the lubricant. It appears from the description taken as a whole that the patentee after neutralization separates the soaps and throws away the other parts

of the mixture, that is, he uses only the soap constituents and in this respect differs from the disclosure in this case where the whole mixture is employed. A careful examination of the description in this case fails to show wherein these products other than soaps have any useful function in the composition. In the absence of such showing it must be held that the appealed claims fail to distinguish over the Bray disclosure.

"Claim 3 is generic. Claim 4 is limited to the use of mixtures containing cyclic hydrocarbons for the oxidation and halogenation treatment, while claim 5 is specific to acyclic hydrocarbons. Since lubricating oils may contain aromatic as well as aliphatic hydrocarbons it is not seen that these distinctions have any patentable weight.

"It is quite true that the Bray patent includes also a corrosion inhibitor, but the omission of this compound and its function does not add anything of patentable value to the claims."

Appellants filed a petition for reconsideration and there made a number of contentions, among which was the contention that the Board's rejection was grounded upon that which was not urged by the Examiner. The chief contention was to the effect that Bray did not use the whole oxidized mixture and that the Board was of the opinion that the part discarded served no useful purpose. Upon reconsideration, the Board stated that while it took cognizance of the fact that Bray did not use the whole oxidized mixture, it was of the opinion that the portion discarded did not serve any useful purpose. Upon the filing of an affidavit by one Musgrave, partly relating to the utility of using the entire oxidized mixture, the Board had the following to say:

"Appellants allege that the discarded part possesses useful properties and have supplemented their argument by an affidavit of Dr. Musgrove, a man of wide experience in this art.

"The characteristics of the patented mixture and that claimed are so alike that from the nature of the material it would be difficult to distinguish between the two. To us it appears to be a matter of degree only. In the course of preparation the Bray material appears to be the same as that claimed. The discovery that all of the Bray oxidized mixture was useful does not appear to be a matter of invention."

578

The Bray patent relates to a lubricant comprising mineral oil and a small amount of an ingredient formed by oxidizing a mixture of hydrocarbons, separating the soaps from the resultant product, and chlorinating the soaps.

It will be noticed that the chief difference between the patent and the appellants' alleged invention rests in the fact, which is much emphasized here by appellants, that Bray's lubricant contains other ingredients in addition to those recited in the appealed claims, whereas theirs does not; and that Bray does not employ the entire oxidized product of the hydrocarbon mixture, while they do.

The Examiner pointed out that the appealed claims do not exclude other addition agents, since they use the term "comprising", which is equivalent to the use of the word "including".

■ It seems that the only question of any serious import involved in this appeal resides in the fact that appellants teach the use of all the product which results from the oxidation process, whereas the patentee discards 70 per cent of it. It was the holding of the Board that the discovery that there was utility flowing from the use of all the product rather than 30 per cent of it was not a matter of invention.

The Solicitor for the Patent Office points out: " * * * it seems at least questionable whether the claims require that *all* the products which result from the oxidation shall be included in the lubricant. Claims should be given the broadest interpretation of which they reasonably are susceptible * * * and it therefore does not seem proper to read the word 'all' into the claims when the appellants have not seen fit to employ it and their application does not emphasize any distinction between the use of all the products and the use of part of them only." [Italics quoted.]

There is more than a doubt in our minds as to whether or not the claims should be interpreted as if the word "all" were included therein as modifying the term 'oxidation products". Appellants' claims in this respect are broad, and if their invention rests in using the entire oxidized mixture instead of only selected portions thereof, as Bray does, the claims should specifically define this allegedly important matter.

Appellants stress with great earnestness that not only do they use the 30 per cent of soaps which Bray uses, but they have found that the other components of the oxidized hydrocarbon mixture are desirable for performing the purposes for which both inventions are intended. While it is true that Bray attached no importance to the use of the ingredients of the halogenated mixture other than its soap content, the inventions of the two parties are so similar, as far as the claims are concerned, that we are in agreement with the Board in its conclusion that even if it is desirable and useful to employ all of the mixture instead of a portion of it, it did not involve invention to determine that it was desirable to use all of it.

■ By the foregoing holding, we are assuming that appellants' product in this respect is an improvement over Bray's. In this connection appellants urge our consideration for the affidavit of said Musgrave, which was filed along with the petition for reconsideration. The affidavit was not properly before the Board, since no request was made under Rule 138 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix, relating to the filing of affidavits after the case is appealed to the Board, that the case be remanded to the Primary Examiner. While the Board stated that the affidavit was filed, it did not say that it considered the same; and since it presumably acted in accordance with the said Rules and did not remand the case to the Examiner, it proceeded without considering the affidavit. The affidavit therefore is not a proper part of the record here. See In re Christmann et al., 128 F.2d 596, 29 C.C.P.A., Patents, 1037. The Solicitor has pointed out objectionable features in the affidavit, which we deem unnecessary to discuss. Assuming that the affidavit explains the importance of using all of the oxidized material rather than a portion thereof, and assuming that this limitation can be read into the claims and that appellants' new product is all the affidavit, in a laudatory way, claims for it, it is our view that it did not require invention to produce it.

The decision of the Board of Appeals is affirmed.

Affirmed.